UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-05101-MWF (SK) | Date | July 3, 2019 |
|---|---|---|---|
| Title | Lewis Gibson v. Warden | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|
| Cheryl Wynn | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Petitioner, a federal prisoner within the Central District of California, filed a petition under 28 U.S.C. § 2241, challenging his 2014 sentence from the Western District of Tennessee for drug and firearm convictions. (ECF 1 at 2). He claims that his sentence was improperly enhanced under the Armed Career Criminal Act ("ACCA"). (ECF 2 at 10-11). But this is Petitioner's second attempt to challenge that sentence on the same ground through a § 2241 petition. In September 2016, Petitioner filed a § 2241 petition in the Eastern District of Arkansas where he was incarcerated at the time. (*See* E.D. Ark. Case No. 2:16-cv-00122).[1] That petition was correctly construed as a § 2255 petition. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court"). It was then transferred to the Western District of Tennessee. (*See* W.D. Tenn. Case No. 2:16-cv-02880). There, as here, Petitioner tried to invoke the "escape hatch" of § 2255 to keep the case in Arkansas. But he was unsuccessful because that provision is available only "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (quotation omitted).

Nothing has changed. First, Petitioner's challenge to his sentence is a legal claim, not a claim of factual innocence. *See Bousley v. United States*, 523 U.S. 614, 615 (1998) ("Actual innocence means factual innocence, not mere legal insufficiency."); *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) ("It is clear, however, that Petitioner's claim that two of his prior offenses should no longer be considered 'related,' and that he was therefore incorrectly treated as a career offender, is a purely legal claim that has nothing to do with factual innocence."). Second, Petitioner has not shown that he lacked an unobstructed procedural shot at bringing his claim. To do that, Petitioner must prove that the "legal basis for [his] claim did not arise until after he had exhausted his direct appeal and first § 2255 motion," and that "the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison v.*

---

[1] The Court takes judicial notice of Petitioner's prior federal criminal and habeas proceedings. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

*Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (quotations omitted). But Petitioner has already had the chance to challenge the legality of his sentence under the ACCA before the original sentencing court. And Petitioner has shown no change in law since then that might affect his claim.

THEREFORE, Petitioner is ORDERED TO SHOW CAUSE on or before **August 2, 2019** why the Court should not dismiss this § 2241 petition for lack of jurisdiction. *See Hernandez v. United States*, 2014 WL 4180995, at *2 (C.D. Cal. Aug. 20, 2014). If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing the attached Notice of Voluntary Dismissal form. Otherwise, Petitioner must file a timely response proving that jurisdiction under § 2241 is proper here. **If Petitioner files no notice of voluntary dismissal or other timely response to this order, the Court will recommend involuntary dismissal of this action for failure to prosecute**. *See* Fed. R. Civ. P 41(b); L.R. 41-1.